UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LAKE COUNTRY POWER, et al,

Plaintiffs,

v.

RETIREMENT AND SECURITY PROGRAM FOR EMPLOYEES OF NATIONAL RURAL ELECTRIC COOPERATIVE ASSOCIATION and ITS MEMBER SYSTEMS (the "R&S Program"), et al,

Defendants.

CIVIL NO. 01-1953 (JNE/JSM)

ORDER

---

LAKE COUNTRY POWER, et al.,

Plaintiffs,

v.

AON CONSULTING, INC., ANTHONY WILLIAMS, and NORMAN OLSEN,

Defendants.

CIVIL NO. 02-4229 (JNE/JSM)

The above matter came before the undersigned United States Magistrate Judge on plaintiffs' Motion to Consolidate (with Civil No. 02-4229 (JNE/JSM)) and for Extension of Discovery Schedule [Docket No. 40 in Civil No. 01-1953 (JNE/JSM)]. Steven Wilson, Esq. appeared on behalf of plaintiffs, Alan Kildow, Esq. appeared on behalf of defendant Aon Consulting and Michael Docherty, Esq. appeared on behalf of defendants Williams and



MAY 08 2003
FILED________
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

Olsen. For the reasons discussed below, this Court grants plaintiffs' Motion to Consolidate and for an Extension of the Discovery Schedule.

## FACTUAL BACKGROUND

Plaintiffs allege in their Complaint that Lake Country Power is a cooperative association located in Minnesota which provides electrical power to homes and businesses in several northern Minnesota counties. It sponsors a pension plan for its non-union and union employees. Prior to December 31, 1997, Lake Country Power offered participation in the Retirement and Security Program ("R&S Program"), a pension plan co-sponsored by National Rural Electric Cooperative Association's ("NRECA") and the Member Systems of NRECA. In 1997, Lake Country Power's non-unionized employees withdrew from the R&S Program and enrolled in another plan created by Lake Country Power ("LCP Plan"). In approximately August 1999, Lake Country Power decided to withdraw its unionized employees from NRECA's R&S Program and enroll them in the LCP Plan.

According to plaintiffs, when a Member System withdraws from the R&S Program, the actuarial present value of the total accumulated plan benefits are to be withdrawn. Plaintiffs allege that NRECA represented to Lake Country Power that a specific discount rate would be used to calculate the actuarial present value of the accumulated plan benefits to be withdrawn. Plaintiffs assert that NRECA later informed Lake Country Power that this rate would not be used to determine the actuarial present value and that NRECA had the discretion to determine what rate would be used. NRECA then allegedly used a higher discount rate, resulting in a significant reduction in the amount of monies delivered to the LCP Plan. Plaintiffs claim that NRECA's actions were contrary to the program documents and representations made by NRECA, and amounted to a breach of fiduciary duties owed by defendants to the R&S Program.

On October 24, 2001, plaintiffs filed the first lawsuit ("Lake Country Power I") against the Retirement and Security Program for the Employees of NRECA, its Member Systems, members of the NRECA Insurance and Financial Services Committee, and the R&S Program's Administrator and Chief Actuary. In the Complaint, plaintiffs alleged three causes of action arising from the withdrawal: breach of fiduciary duty, estoppel, and declaratory relief under section 405(a)(3) of the Employee Retirement Income Security Act ("ERISA").

On February 12, 2002, the court issued a Pretrial Scheduling Order for Lake Country Power I. The Pretrial Scheduling Order mandated that all motions to amend the pleadings or join parties be submitted by May 1, 2002. Plaintiffs did not seek to join defendants to Lake Country Power I or seek an extension of the Pretrial Scheduling Order to do so.

On November 1, 2002, plaintiffs filed the instant lawsuit ("Lake Country Power II") against Norman Olsen, the current director of NRECA's Retirement and Security Program Department, Anthony Williams, a former director of NRECA's Retirement and Security Program Department, and Aon Consulting, Inc., the Enrolled Plan Actuary for NRECA's Retirement and Security Program. In Lake Country Power II, plaintiffs asserted virtually the same facts and the same three causes of action, and sought the same relief as in Lake Country Power I.

On March 28, 2003, plaintiffs moved to consolidate Lake Country Power I and Lake Country Power II and requested that the Court issue a joint pretrial scheduling order for both cases or, in the alternative, extend the discovery schedule in Lake Country Power I by 90 days if the Court rejects the motion to consolidate. Plaintiffs assert that the cases should be consolidated because they present common issues of law and fact. While

defendants assert that Lake Country Power II should be dismissed (see companion motion to dismiss), they have indicated that they do not object to the motion to consolidate if the Court denies the pending motion to dismiss, provided they are given adequate time to conduct discovery and otherwise prepare for trial.

## DISCUSSION

Plaintiffs' motion to consolidate the two cases is granted. Under the Federal Rules of Civil Procedure, related cases having a common question of fact or law may be consolidated for purposes of discovery, trial, or both. Rule 42(a) provides that "[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." FED. R. CIV. P. 42(a); Enterprise Bank v. Saettele, 21 F.3d 233, 235 (8th Cir. 1994). When considering whether consolidation is proper, courts should weigh:

> Whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single trial, multiple trial alternatives.

Chill v. Green Tree Fin. Corp., 181 F.R.D. 398, 405 (D. Minn. 1998) (rev'd on other grounds by 270 F.3d 645 (8th Cir. 2001)); see also Kramer v. The Boeing Co., 134 F.R.D. 256, (D. Minn. 1991) (concluding that courts, in exercising their broad discretion in deciding to consolidate cases, should consider time and effort saved as well as possible delay or inconvenience) (citations omitted).

Here, Lake Country Power I and II assert the same facts, claims and requests for relief all arising out of the withdrawal of Lake Country Power's unionized employees from NRECA's retirement and security program. As such, the same factual issues are raised in both cases and the same legal issues and claims will be addressed and resolved in both cases. In addition, the Court finds that if the two cases proceed separately, there is a risk of inconsistent adjudications of common factual and legal issues. Further, if discovery and trials are conducted in the two separate suits, activities will not only be duplicative, but a burden on the witnesses and judicial resources, and unnecessarily increase the expense of reaching a resolution in both matters. Therefore, plaintiffs' motion to consolidate the two cases is granted.

In light of this decision, the Court will also grant plaintiffs' motion to enter a new discovery schedule. The parties to both cases shall meet and prepare a Joint Rule 26(f) Report setting forth a new schedule for both cases and shall deliver the Report to the Court on or before May 16, 2003. In addition, counsel for all parties shall attend the scheduling conference with the Court on May 21, 2003, at 9:30 a.m. to discuss the proposed revised schedule.[1]

**IT IS HEREBY ORDERED:**

1. Lake Country Power's Motion to Consolidate and for Extension of Discovery Schedule [Docket No. 40] is granted as follows:

2. The matters of Civil No. 01-1953 (JNE/JSM) and Civil No. 02-4229 (JNE/JSM) are consolidated for all purposes. The Clerk may close Civil File No. 02-4229 (JNE/JSM) and merge the contents thereof with Civil File No. 01-1953 (JNE/JSM).

---

[1] If after the review of the Joint Rule 26(f) Report, the Court determines that the schedule is acceptable, the Court will cancel the scheduling conference.

3. All pleadings hereafter filed in this consolidated matter shall bear the caption:

| | |
|---|---|
| LAKE COUNTRY POWER, INC.,<br>LAKE COUNTRY POWER DEFINED<br>BENEFIT PENSION FLOOR PLAN,<br>BECKY SEELEY, RICHARD WALLIN,<br>DARLA NUBSON and<br>SHERMAN LIIMATAINEN, | CIVIL NO. 01-1953 (JNE/JSM) |

Plaintiffs,

v.

RETIREMENT AND SECURITY PROGRAM
FOR EMPLOYEES OF NATIONAL RURAL
ELECTRIC COOPERATIVE ASSOCIATION,
DOUGLAS W. JOHNSON, HARRY H. BONNER,
OVERT CARROLL, JIMMY L. DEAN, MILO C.
GILBERTSON, PERRY E. RUBART, ELMER G.
SAMS, DAVID METZ, JOHN WADE,
AON CONSULTING, INC., ANTHONY WILLIAMS,
and NORMAN OLSEN,

Defendants.

4. The parties shall meet and prepare a Joint Rule 26(f) Report setting forth a new scheduling order and shall deliver the Report to the Court on or before May 16, 2003. In addition, counsel for all parties shall attend the scheduling conference with the Court on May 21, 2003, at 9:30 a.m. to discuss the proposed revised schedule.[2] A separate Notice of Pretrial Conference will be issued by the Court.

Dated: May 7, 2003

JANIE S. MAYERON
United States Magistrate Judge

[2] If after the review of the Joint Rule 26(f) Report, the Court determines that the schedule is acceptable, the Court will cancel the scheduling conference.