UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LAKE COUNTRY POWER, INC., LAKE COUNTRY POWER DEFINED BENEFIT PENSION FLOOR PLAN, BECKY SEELEY, RICHARD WALLIN, DARLA NUBSON, and SHERMAN LIIMATAINEN,

CIVIL NO. 01-1953 (JNE/JSM)

Plaintiffs,

v.

ORDER

RETIREMENT AND SECURITY PROGRAM FOR EMPLOYEES OF NATIONAL RURAL ELECTRIC COOPERATIVE ASSOCIATION, DOUGLAS W. JOHNSON, HARRY H. BONNER, OVERT CARROLL, JIMMY L. DEAN, MILO C. GILBERTSON, PERRY E. RUBART, ELMER G. SAMS, DAVID METZ, JOHN WADE, AON CONSULTING, INC., ANTHONY WILLIAMS, and NORMAN OLSEN,

Defendants.

JANIE S. MAYERON, U.S. Magistrate Judge

The above matter came on before the undersigned on September 16, 2003, upon plaintiffs' Motion to Amend Complaint [Docket No. 53]. Steven Wilson, Esq. appeared on behalf of plaintiffs. Michael Docherty, Esq. and Sonya Braunschweig, Esq. appeared on behalf of defendants.

The Court, being duly advised in the premises, upon all of the files, records, and proceedings herein, now makes and enters the following Order.

DEC 0 9 2003
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

IT IS HEREBY ORDERED that:

1. Plaintiffs' Motion to Amend Complaint [Docket No. 53] is denied in part and granted in part as follows:

   a. To the extent plaintiffs' motion seeks to add Mr. Spencer, Mr. Williams, Mr. Metz, and Mr. Olsen as defendants in this case, the motion is denied.

   b. To the extent plaintiffs' motion seeks to add the second sentence to the proposed paragraph 66 of the proposed amended complaint, the motion is denied.

   c. To the extent plaintiffs' motion seeks to modify the factual allegations of the Complaint by adding proposed paragraphs 32-56, the motion is granted based on the representation of defendants at the hearing that they do not object to such amendments.

   d. To the extent plaintiffs' motion seeks to add or change the party plaintiffs, the motion is granted based on the representation of defendants at the hearing that they do not object to such amendments.

   e. To the extent plaintiffs' motion seeks to clarify the party names in the caption of the pleading, the motion is granted. All pleadings hereafter filed in this matter shall bear the following caption:

LAKE COUNTRY POWER, LAKE COUNTRY POWER DEFINED BENEFIT PENSION FLOOR PLAN, BECKY SEELEY, CHARLES MISTEK, SHERMAN LIIMATAINEN, GEORGE HARVEY, DANNY SMITH, and DONALD SIMONS,

CIVIL NO. 01-1953 (JNE/JSM)

Plaintiffs,

v.

RETIREMENT AND SECURITY PROGRAM FOR EMPLOYEES OF NATIONAL RURAL ELECTRIC COOPERATIVE ASSOCIATION ANDITS MEMBER SYSTEMS, DOUGLAS W. JOHNSON, HARRY H. BONNER, OVERT CARROLL, JIMMY L. DEAN, MILO C. GILBERTSON, PERRY E. RUBART, ELMER G. SAMS, DAVID METZ, JOHN WADE, AON CONSULTING, INC., ANTHONY WILLIAMS, and NORMAN OLSEN,

Defendants.

Dated: December 9, 2003

JANIE S. MAYERON
United States Magistrate Judge

**<u>MEMORANDUM</u>**

## FACTUAL BACKGROUND

Plaintiffs allege that Lake Country Power, Inc. ("Lake Country Power") is a cooperative association located in Minnesota that provides electrical power to homes and businesses in several northern Minnesota counties. Lake Country Power sponsors a pension plan for its non-union and union employees. Prior to December 31, 1997,

Lake Country Power offered participation in the Retirement and Security Program ("R&S Program"), a pension plan co-sponsored by National Rural Electric Cooperative Association's ("NRECA") and the member systems of NRECA. In 1997, Lake Country Power's non-unionized employees withdrew from the R&S Program and enrolled in another plan created by Lake Country Power ("LCP Plan"). In approximately August 1999, Lake Country Power decided to withdraw its unionized employees from NRECA's R&S Program and enroll them in the LCP Plan.

According to plaintiffs, when a member system withdraws from the R&S Program, the actuarial present value of the total accumulated plan benefits are to be withdrawn. Plaintiffs allege that NRECA represented to Lake Country Power that a specific discount rate would be used to calculate the actuarial present value of the accumulated plan benefits to be withdrawn. Plaintiffs assert that NRECA later informed Lake Country Power that this rate would not be used to determine the actuarial present value and that NRECA had the discretion to determine what rate would be used. NRECA then allegedly used a higher discount rate, resulting in a significant reduction in the amount of monies delivered to the LCP Plan. Plaintiffs claim that NRECA's actions were contrary to the program documents and representations made by NRECA, and amounted to a breach of fiduciary duties owed by defendants to the R&S Program.

On October 24, 2001, plaintiffs filed a lawsuit against defendants Retirement and Security Program for Employees of National Rural Electric Cooperative Association, Douglas W. Johnson, Harry H. Bonner, Overt Carroll, Jimmy L. Dean, Milo C. Gilbertson, Perry E. Rubary, Elmer G. Sams, David Metz, and John Wade alleging three causes of action arising from the withdrawal: (1) breach of fiduciary duty; (2) estoppel;

and (3) declaratory relief under section 405(a)(3) of the Employee Retirement Income Security Act ("ERISA").

On November 1, 2002, plaintiffs filed a separate lawsuit against defendants Norman Olsen, Anthony Williams, and Aon Consulting, Inc. asserting virtually the same facts, the same three causes of action, and the same relief as in their October 24, 2001 case. On May 7, 2003, this Court ordered the two cases consolidated.

Plaintiffs filed the instant motion to amend their Complaint to add nominal party plaintiffs, add defendants, modify the factual allegations, change the caption of the case, and consolidate the complaints of the two actions. At the hearing on this motion, defendants confirmed that they only objected to the addition of defendants and to the addition of paragraph 66 to the Complaint. Accordingly, the only issues before the Court are: (1) whether to permit plaintiffs to add defendants; and (2) whether to permit plaintiffs to add paragraph 66 to the Complaint.

## DISCUSSION

### I. Plaintiffs' Motion to Amend

Federal Rule of Civil Procedure 15 provides that a court may allow amendments to pleadings "when justice so requires." FED. R. CIV. PRO 15(a). The determination as to whether to grant leave to amend is entrusted to the sound discretion of the trial court. See, e.g., Niagra of Wisconsin Paper Corp. v. Paper Indus. Union Mgmt. Pension Fund, 800 F.2d 742, 749 (8th Cir. 1986) (citations omitted). "Although amendment of a complaint should be allowed liberally to ensure that a case is decided on its merits, there is no absolute right to amend." Ferguson v. Cape Girardeau County, 88 F.3d 647, 650-51 (8th Cir. 1996) (citations omitted). For example, leave to amend may properly

be denied when the proposed amendment would be futile. In re Digi Int'l Sec. Litig., 6 F.Supp. 2d 1089, 1104 (D. Minn. 1998); see also, e.g., Holloway v. Dobbs, 715 F.2d 390, 392-3 (8th Cir. 1983) (citations omitted).

### A. Plaintiffs' Request to Add Defendants

In support of their request to add defendants, NRECA Committee members who were appointed after the withdrawal at issue in this case had been completed, plaintiffs argue that subsequent fiduciaries are liable to plaintiffs for breaches related to the withdrawal under 29 U.S.C. § 1105(a), based on their failure to remedy a known breach by a co-fiduciary.[1] Plaintiffs, in essence, are asking this Court to impose liability on all subsequent fiduciaries for not taking action to settle this case on plaintiffs' terms.

The Court is not persuaded by plaintiffs' argument. The section plaintiffs cite in support of this argument, 29 U.S.C. § 1105(a)(3), applies only in situations where the successive fiduciary could have taken reasonable steps to remedy the situation before the breach. See Justice v. Bankers Trust Co., 607 F.Supp. 527, 536 (N.D. Ala. 1985) (finding that there was no liability where the trustee did not become aware of an alleged

---

1 29 U.S.C. § 1105(a) states:

> (a) Circumstances giving to liability. In addition to any liability which he may have under any other provision of this part, a fiduciary with respect to a plan shall be liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan in the following circumstances:
> (1) if he participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach;
> (2) if, by his failure to comply with section 404(a)(1) [29 U.S.C. § 1104(a)(1)] in the administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach; or
> (3) if he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach.

breach in time to take any effective action); see also Willet v. Blue Cross and Blue Shield of Alabama, 953 F.2d 1335, 1341-42 (11th Cir. 1992) (discussing 29 U.S.C. § 1105(a)(3) to require that, if a fiduciary had knowledge of a breach of fiduciary duty, then that fiduciary incurred a duty to take reasonable steps to remedy such a breach). Given that this litigation had already commenced when the putative defendants became fiduciaries, the Court concludes there were no effective steps they could have taken to remedy any alleged breach related to plaintiffs. In addition, under ERISA, "[n]o fiduciary shall be liable with respect to a breach of fiduciary duty under this title if such breach was committed before he became a fiduciary or after he ceased to be a fiduciary." 29 U.S.C. § 1109(b).

The putative defendants cannot be subject to liability for the actions of their predecessors under ERISA and any claims plaintiffs have related to the withdrawal issue cannot be asserted against them. Defendants and subsequent fiduciaries are entitled to defend against plaintiffs' claims in litigation without subjecting themselves to further liability under 29 U.S.C. § 1105(a)(3) for failing to settle the matter. As such, plaintiffs' request to amend the Complaint to add defendants is futile. See Holloway, 715 F.2d at 392-3 (holding that leave to amend may properly be denied when the proposed amendment would be futile). Accordingly, plaintiffs' Motion to Amend to add defendants is denied.

**B. Plaintiffs' Request to Add Paragraph 66**

Plaintiffs' proposed paragraph 66 states:

> The NRECA Plan Administrators and their representatives have denied repeated requests that the Deficiency be remitted to the LCP Plan. The Committee and its members have taken no action to correct the Deficiency. The Committee, which regularly meets twice yearly, has refused the request of Lake Country Power to make a presentation to the Committee, citing advice of legal counsel, and has thus refused to even consider the matter outside of litigation.

In opposition to this amendment, defendants argue that references in the second sentence of paragraph 66[2] to settlement negotiations that occurred after the lawsuit was initiated are irrelevant to this case, are not admissible at trial, and, in any event are untrue. On the other hand, plaintiffs assert that whether or not the allegations in the second sentence are true or would be excluded at trial is not relevant to the issue of amending the Complaint. Moreover, plaintiffs argue that the proposed language is relevant to the claims in this case and their argument that defendants acted in violation of their fiduciary duties.

The Court concludes that the proposed second sentence of paragraph 66 related to settlement activities post-commencement of the suit are not relevant to the issues in the lawsuit and not likely to lead to admissible evidence at trial. See FED. R. EVID. 408. As such, permitting the addition of the second sentence of paragraph 66 to the Complaint would be futile. Accordingly, plaintiffs' Motion to Amend to add this sentence of paragraph 66 is denied.

J.S.M.

---

[2] The first sentence of paragraph 66 is already part of the original Complaint in paragraph 49.